IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CSC HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1101-M |
| ) | |
| SAM'S ELECTRONICS, Inc., d/b/a ) | |
| LALA DIGITAL; and ) | |
| LA HOANG a/k/a HOANG LA, ) | |
| individually and d/b/a LALA DIGITAL, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION CONCERNING MOTION OF
PLAINTIFF CSC HOLDINGS, INC. FOR A WRIT OF ASSISTANCE**

The Plaintiff, CSC Holdings Inc., ("CSC") has moved for a writ of assistance requesting the United States Marshal to aid in the acquisition of Defendant La Hoang's watch, ring, and computer. Motion of Plaintiff CSC Holdings, Inc., for Writ of Assistance and for Order Compelling Production of Records and Supporting Brief (Jan. 5, 2006) ("Plaintiff's Motion").[1] The motion should be granted in part and denied in part.

**Discussion**

CSC seeks a writ of assistance to obtain possession of the Defendant's watch, ring, and computer. The Defendant claims that the ring and watch are exempt as "wearing apparel" and that the computer is exempt as a "tool of the trade" or "household furniture." Defendant Hoang La's Response to Motion of Plaintiff CSC Holdings, Inc., for Writ of

---

[1]   The Plaintiff also seeks an order compelling production of documents. Plaintiff's Motion at pp. 1, 8. The Court will separately address this aspect of the Plaintiff's motion.

Assistance and for Order Compelling Production of Records and Supporting Brief (Jan. 23, 2006) ("Defendant's Response"). The watch is exempt, but the ring and computer are not.

I.   Governing Law

Under Fed. R. Civ. P. 69(a), "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution . . . and shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). Thus, the Court should examine Oklahoma law to determine whether the property is exempt from the Plaintiff's request. *See* Okla. Stat. tit. 31, § 1, *et seq*. (2001).

II.  The Watch and Ring

The Defendant objects to seizure of his RADL watch and ring under Okla. Stat. tit. 31 § 1(A)(8).[2] Defendant's Response at pp. 2-3. The objection should be sustained for the watch and overruled for the ring.

An exemption exists for "[t]he person's interest, not to exceed Four Thousand Dollars ($4,000.00) in aggregate value, in wearing apparel that is held primarily for the personal, family or household use of such person or a dependent of such person." Okla. Stat. tit. 31, § 1(A)(8) (2001). An item can be considered exempt as "wearing apparel" if it: (1) covers or adorns the debtor, (2) has a value which does not exceed $4,000.00, and (3) is strictly for personal, family, or household use. *See In re Miller*, 101 Bankr. 713, 717 (Bankr. E.D. Okla. 1989). The Defendant's watch falls under the exemption, but the ring does not.

---

[2]   The Defendant cites Okla. Stat. tit. 31, § 1(A)(7), but quotes Subsection "1(A)(8)". Defendant's Response at pp. 2-3.

The watch and ring involve personal use for the adornment of the Defendant. The issue, therefore, is the property's value.

Counsel for the Defendant argues that his client testified that "the watch is a cheap item he bought while visiting Vietnam for $20.00 and the ring was a gift that was cheap." Defendant's Response at p. 3. The Defendant testified that the watch had cost $20.00, and the Plaintiff does not submit any contrary evidence. In light of the Defendant's unrebutted testimony, the Court should regard the watch as exempt. *See In re Goldberg*, 59 Bankr. 201, 203, 208 (Bankr. N.D. Okla. 1986) (holding that a watch valued at $10.00 was exempt under the "wearing apparel" exception); *accord In re Meyer*, 211 Bankr. 203, 215 (Bankr. E.D. Va. 1997) (holding that a debtor's wristwatch, purchased for approximately $30.00, was exempt as "wearing apparel").

The ring should be treated differently. The Defendant stated that the ring was a gift,[3] but did not supply any evidence of value. As a result, the Court should conclude that the ring is not exempt as wearing apparel and the Court should issue a writ of assistance for this item.

III.    The Computer

Mr. La argues that the computer is exempt from seizure under either Okla. Stat. tit. 31, § 1(A)(3) or (6) (2001).[4] Defendant's Response at p. 4. These exemptions are inapplicable.

---

[3]    Plaintiff's Motion, Ex. 1 at p. 92.

[4]    The Defendant cites Okla. Stat. tit. 31, § 1(A)(5), but the substance of his argument implicates Subsection "1(A)(6)". Defendant's Response at p. 4.

Subsection "1(A)(6)" provides an exemption for "[t]ools used in any trade." *See* Okla. Stat. tit. 31, § 1(A)(6) (2001). This exemption is applied on a case-by case basis, but the debtor must establish a trade or profession and reasonable necessity of the tools for the trade or profession. *See In re Kidd*, 101 Bankr. 677, 679 (Bankr. E.D. Okla. 1987). A trade or profession is considered personal in nature, and the Court must be able to ascertain the nature of the trade to determine whether the exemption applies. *See In re Kidd*, 101 Bankr. at 679; *In re Goldberg*, 59 Bankr. 201, 207 (Bankr. N.D. Okla. 1986).

Mr. La has not satisfied his burden. For example, he has not provided the Court with any information regarding the nature of his trade or profession. Instead, he has merely claimed that the exemption applies. Defendant's Response at p. 4. Based on the lack of evidence, the Court should conclude that Subsection "1(A)(6)" does not apply. *See In re Goldberg*, 59 Bankr. 201, 207-208 (Bankr. N.D. Okla. 1986) (holding that a computer is not exempt as a "tool of the trade" in the debtor's medical practice).

Subsection "1(A)(3)" is also inapplicable. Mr. La states that if Subsection "1(A)(6)" is not applicable, he "would like to move the computer home when he is able and assert 31 O.S. 1(A)(3) giving him an exemption in a personal computer and related equipment." Defendant's Response at p. 4. Subsection "1(A)(3)" provides an exemption for "[a]ll household and kitchen furniture held primarily for the personal, family or household use of such person or a dependent of such person." Okla. Stat. tit. 31, § 1(A)(3) (2001). In determining whether this exemption applies, the Court must evaluate each situation to

ascertain whether the property is "reasonably necessary" for maintenance of the home. *See In re Davis*, 134 Bankr. 34, 40 (Bankr. W.D. Okla. 1991).

Mr. La's computer is not exempt under Subsection "1(A)(3)". *See id.* (holding that a home computer was not exempt under Okla. Stat. tit. 31, § 1(A)(3)); *In re Larson*, 203 Bankr. 176, 178-81 (Bankr. W.D. Okla. 1996) (same holding). The Defendant has presented no evidence to support necessity of the computer for his home. Indeed, Mr. La's testimony suggests the opposite, as he would only move the computer into the home to gain the benefit of the exemption. *See supra* p. 4.

Because the computer is not exempt, the Court should grant the motion for a writ of assistance as to that item.

## Conclusion

The Court should issue a writ of assistance for the ring and computer, but not for the watch.

## Notice of Right to Object

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). Objections are due March 20, 2006. *See* W.D. Okla. LCvR 72.1(a). If a party does not file written objections by March 20, 2006, he would waive any right to appellate review. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

**Status of the Referral**

The referral is terminated.

Entered this 28th day of February, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge